United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50514
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SONNY J. MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-240-1
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sonny J. Martinez appeals the sentences imposed following his guilty plea convictions for conspiracy to possess with intent to distribute less than five kilograms but more than 500 grams of a mixture or substance containing a detectable amount of cocaine, possession with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine, and aiding and abetting possession with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine.  See 21 U.S.C. §§ 846, 841; 18 U.S.C. § 2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, he challenges the district court's finding of the drug quantity attributable to him for purposes of sentencing under U.S.S.G. § 2D1.1.

Even after United States v. Booker, 543 U.S. 220 (2005), this court continues to review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. See United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). In the context of determining drug quantity for sentencing purposes, a district court may consider estimates if they are reasonable and based on reliable evidence. See United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005). "As a general rule, information in [a] pre-sentence report is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002); see United States v. Lopez-Urbina, 434 F.3d 750, 767 (5th Cir. 2005).

The district court estimated that the two packages of cocaine that were disposed of by Martinez's wife weighed two kilograms because the two similar packages of cocaine that were seized from Martinez when he was arrested weighed 1.9 kilograms. This finding was supported by information from Martinez's wife, who indicated that the cocaine she disposed of was similar in

size and packaging to the cocaine seized from Martinez. Given the description of the packages of cocaine disposed of by Martinez's wife compared with the description of the packages of cocaine seized from Martinez, the district court reasonably inferred and estimated that the two packages disposed of by the wife weighed two kilograms. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).

Martinez cites other circuits to support his argument that a sentencing court, when given the choice between two plausible drug estimates, should pick the lesser amount. The only alternative drug estimate offered by Martinez is 1.7 kilograms because that drug estimate would yield a lower base offense level under the Guidelines. That drug estimate is supported by nothing other than speculation, however, and it was not offered as an alternative drug estimate to the district court. In fact, Martinez offered no evidence to rebut the presentence report's finding that the two packages of cocaine disposed of by his wife weighed two kilograms. Accordingly, as the district court's factual-finding regarding the drug quantity was not clearly erroneous in light of the record as whole, see Caldwell, 448 F.3d at 290, Martinez's sentences are AFFIRMED.